## Barder v. Barder.

*Burial of the dead—Lack of general rule on subject—Right of surviving widow or husband.*

1. For want of a general rule as to the burial of the dead, the policy of the law seems to favor a broad inquiry into the facts of each case; an inquiry "having due regard to the interests of the public, the wishes of the decedent, and the rights and feelings of those entitled to be heard by reason of relationship or association."

2. How far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but, as against remoter connections, such wishes, if strongly and recently expressed, should usually prevail.

Bill to determine the right of burial. C. P. Lackawanna Co., Oct. T., 1924, No. 24, in Equity.

*S. F. Coar,* for plaintiff; *Knapp, O'Malley, Hill & Harris,* for defendant.

NEWCOMB, J., April 29, 1925.—Bill to determine the right of burial. While the case has been put at issue on the merits, the sufficiency of the bill had been challenged by the first paragraph of the answer. By agreement of parties, the question so raised is now submitted as on demurrer.

The parties are respectively the mother and widow of one Joseph J. Barder, M. D., late of this city, deceased.

The relief asked for is injunction to restrain the widow from carrying out her intention to have funeral services according to "the customs of any Protestant religious sect . . . and from interring the body of deceased in any Protestant cemetery."

The ground alleged is the doctor's desire as expressed to plaintiff. The averment is to the effect that, having been reared a Catholic, he had the last sacraments of the church in the extremity of his illness, and stated to the mother, a short time before his death, his desire to be buried with the rites of the church and in a Catholic cemetery.

While it is averred that he died testate, it is not claimed that there was any testamentary direction on the subject.

It is objected that there is nothing to show that he had been living with his wife otherwise than in the normal relation of marriage, and, therefore, his personal wish as so expressed is not enough to overcome her *prima facie* right in the premises.

Whether it is strictly correct to say the right is presumed to be with the widow is not entirely clear. For want of a universal rule on the subject, the policy of the law seems to favor a broad inquiry into the facts of each case, an inquiry, "having due regard to the interests of the public, the wishes of the decedent and the rights and feelings of those entitled to be heard by reason of relationship or association:" Pettigrew *v.* Pettigrew, 207 Pa. 313. In the same connection it is said: "How far the desires of the decedent should prevail against those of a surviving husband or wife is an open question, but as against remoter connections, such wishes, especially if strongly and recently expressed, should usually prevail."

It is with personal reluctance that one has to deal with an issue of this nature arising out of religious antagonisms. But it is here and must be tried and determined as in case of any other controversy.

This plaintiff is the mother, and it would seem to be a most ungracious act to deny her the right to make proof, if any she has, of such facts as might operate to take the case out of the general rule.

The demurrer is, therefore, overruled.

From William A. Wilcox, Scranton, Pa.